**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| STATE FARM LIFE INSURANCE COMPANY,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>MICHAEL R. ABLAZA and JANE DOE, the Administrator of the Estate of Maribeth Garces Ablaza,<br><br>　　　　　　Defendants. | Case No.  20-cv-06519-BLF<br><br>**ORDER ADOPTING IN PART REPORT AND RECOMMENDATION; DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT ABLAZA; GRANTING PLAINTIFF'S REQUEST TO DEPOSIT INTERPLEADER FUNDS INTO COURT'S REGISTRY; AND ENJOINING DEFENDANT ABLAZA FROM INITIATING ANY ACTION AGAINST STATE FARM REGARDING INTERPLEADER FUNDS**<br><br>[Re: ECF 19, 22] |

　　　Before the Court is a "Motion for Default Judgment and For Deposit Pursuant to Fed. R. Civ. P. 67" filed by Plaintiff State Farm Life Insurance Company ("State Farm") (ECF 19), and a Report and Recommendation ("R&R") filed by Magistrate Judge Susan van Keulen (ECF 22). Judge van Keulen has recommended that this Court grant State Farm's motion for default judgment against Defendant Michael R. Ablaza ("Ablaza"), grant State Farm's request to deposit interpleader funds into the Court's registry, enjoin Ablaza from initiating any action against State Farm regarding the interpleader funds, and dismiss State Farm from the action.

　　　For the reasons discussed below, the Court ADOPTS IN PART the R&R; DENIES State Farm's motion for default judgment against Ablaza; GRANTS State Farm's request to deposit interpleader funds into the Court's registry; ENJOINS Ablaza from initiating any action against State Farm regarding the interpleader funds; and DECLINES to dismiss State Farm from the action.

## I. BACKGROUND

State Farm filed this interpleader action following the death of its insured, Maribeth Garces Ablaza ("the Insured"), to resolve uncertainty over the appropriate payee of approximately $145,000 in benefits from a life insurance policy ("the policy proceeds") issued by State Farm. *See* Compl., ECF 1. The policy names the Insured's only child, Ablaza, as the primary beneficiary and does not name a secondary beneficiary. *See id.* ¶ 8. State Farm alleges that Ablaza has been arrested and charged with the Insured's murder. *See id.* ¶ 12. State Farm further alleges that if Ablaza is convicted of murdering the Insured, the policy proceeds will not be payable to him under California law. *See id.* ¶¶ 13-14. If Ablaza is not convicted of murdering the Insured, he will be entitled to receive the policy proceeds. *See id.* ¶ 15. It is State Farm's understanding that no proceeding has been commenced to administer the Insured's estate. *See id.* ¶ 16.

In its complaint, State Farm requests the following relief: appointment of a representative to administer the insured's estate; an order requiring such representative and Ablaza to answer the complaint and litigate between themselves their rights to the policy proceeds; an order permitting State Farm to deposit the policy proceeds into the Court's registry and discharging State Farm from further liability with respect to the policy proceeds; enjoining Defendants from instituting or prosecuting any action against State Farm with respect to the policy proceeds; and awarding State Farm its attorneys' fees and costs. *See* Compl. at pp. 4-5.

The clerk entered default against Ablaza on January 6, 2021. *See* Clerk's Entry, ECF 14. On May 7, 2021, State Farm filed a motion for default judgment against Ablaza. *See* Mot. for Def. Jud., ECF 19. Magistrate Judge Susan van Keulen, to whom this case originally was assigned, issued a Report and Recommendation ("R&R) on July 21, 2021, directing the clerk to reassign the case to a district judge and recommending that State Farm's motion for default judgment be granted. *See* R&R, ECF 22. Judge van Keulen also recommended that State Farm be ordered to deposit the policy proceeds into the Court's registry, that Ablaza be enjoined from initiating any action against State Farm regarding the policy proceeds, and that State Farm thereafter be dismissed from the action. *See id.*

Defendant Michael Ablaza was served with the R&R but has not filed an objection or other

response. *See* Notice, ECF 26. State Farm filed a response to the R&R on August 4, 2021, suggesting that the Court adopt the R&R with the modification that State Farm's dismissal be stayed pending appointment of an administrator of the Insured's estate. *See* Response, ECF 27. State Farm points out that if it were dismissed before appointment of an administrator, the Court would be in possession of interpleaded funds without an active party to apply for distribution. *See id.*

## II. LEGAL STANDARD

When a magistrate judge is assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim, the magistrate judge must issue a recommended disposition for review by a district judge. Fed. R. Civ. P. 72(b)(1). The recommended disposition must be served on the parties, who then have fourteen days to file objections. Fed. R. Civ. P. 72(b)(2). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*

## III. DISCUSSION

As discussed above, no party has objected to the R&R, although State Farm proposes that the R&R be modified to stay its dismissal from the action pending appointment of an administrator of the Insured's estate. However, for the reasons discussed below, the Court adopts the R&R only in part. Specifically, the Court declines to adopt the portions of the R&R recommending that State Farm's motion for default judgment be granted and that State Farm be dismissed from the action. The Court adopts the portions of the R&R recommending that State Farm be permitted to deposit the policy proceeds in the Court's registry and that Ablaza be enjoined from initiating any action against State Farm regarding the policy proceeds.

### A. Default Judgment is Not Supported by the Allegations of the Complaint

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quotation marks and citation omitted).

1  "However, necessary facts not contained in the pleadings, and claims which are legally
2  insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261,
3  1267 (9th Cir. 1992).  Consequently, "[a] defendant's default does not automatically entitle the
4  plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. California Sec. Cans*, 238 F. Supp. 2d
5  1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir.1986)).

6        The allegations of State Farm's complaint, taken as true, establish that Ablaza will not be
7  entitled to the policy proceeds *if* he is convicted of his mother's murder, but that Ablaza will be
8  entitled to the policy proceeds if he is *not* convicted of his mother's murder.  *See* Compl. ¶¶ 14-15.
9  Those allegations are legally insufficient to support entry of default judgment against Ablaza at
10  this time, as he may be entitled to the policy proceeds in the future, depending on the outcome of
11  the criminal proceedings against him.  In the Court's view, State Farm's motion for default
12  judgment is simply premature.  Accordingly, the Court declines to adopt the portion of the R&R
13  recommending that default judgment be granted.

14        State Farm's motion for default judgment against Ablaza is DENIED.

15        **B.    State Farm May Deposit the Policy Proceeds in the Court's Registry**

16        In addition to seeking default judgment against Ablaza, State Farm requests that it be
17  permitted to deposit the policy proceeds into the Court's registry.  The Court agrees with the
18  portions of the R&R concluding that this Court has subject matter jurisdiction over the action
19  because the parties are diverse and the amount in controversy exceeds $75,000, *see* 28 U.S.C. §
20  1332, and that deposit of the policy proceeds is appropriate under Federal Rule of Civil Procedure
21  22, *see* Fed. R. Civ. P. 22.

22        State Farm's request to deposit the policy proceeds in the Court's registry is GRANTED.

23        **C.    An Injunction Against Ablaza is Appropriate**

24        State Farm also requests that, once it deposits the policy proceeds with the Court, Ablaza
25  be enjoined from initiating any proceedings against State Farm relating to the policy proceeds.
26  The Court agrees with the portion of the R&R concluding that the requested injunction is
27  appropriate.  While Federal Rule of Civil Procedure 22 does not itself authorize district courts to
28  enjoin litigants from pursuing further claims regarding interpleader funds, courts in this district

4

have issued such injunctions pursuant to the All Writs Statute, 28 U.S.C. § 1651.  *See, e.g.*, *Pruco Life Ins. Co. v. Tan*, No. 19-CV-00335-JCS, 2020 WL 2574662, at *5 (N.D. Cal. May 4, 2020), *report and recommendation adopted sub nom. Pruco Life Ins. Co. v. Chao Hui Tan*, No. 19-CV-00335-WHO, 2020 WL 2572804 (N.D. Cal. May 21, 2020); *Trustees of ILWU-PMA Pension Plan v. Coates*, No. C-11-3998 EMC, 2013 WL 556800, at *7 (N.D. Cal. Feb. 12, 2013); *Trustees of ILWU-PMA Pension Plan v. Peters*, 660 F. Supp. 2d 1118, 1145 (N.D. Cal. 2009).  Once State Farm deposits the policy proceeds with the Court, the rights to the policy proceeds will be litigated in this action.  Allowing Ablaza to relitigate those rights by bringing action against State Farm would defeat the purpose of interpleader.

Ablaza is ENJOINED from bringing any future action in state or federal court regarding his claims to the policy proceeds at issue.

### D. Dismissal of State Farm Would be Premature

As State Farm points out in its response to the R&R, dismissal of State Farm at this time would be premature.  *See* Response, ECF 27.  State Farm suggests that its dismissal be deferred pending appointment of an administrator of the Insured's estate.  State Farm also indicates that it prefers to remain in the case because it wishes to file a motion for discretionary reimbursement of attorneys' fees and costs incurred in bringing this interpleader action.

The Court DECLINES to dismiss State Farm from the case at this time.

### IV. ORDER

(1) The R&R filed by Judge van Keulen is ADOPTED IN PART, as follows:

    (a) State Farm's motion for default judgment against Ablaza is DENIED;
    (b) State Farm's request to deposit the policy proceeds into the Court's registry is GRANTED;
    (c) Ablaza is ENJOINED from bringing any future action in state or federal court regarding his claims to the policy proceeds at issue; and
    (d) The Court DECLINES to dismiss State Farm from the case at this time.

(2) The Case Management Conference REMAINS SET for December 2, 2021.  State Farm shall file a Case Management Statement at least seven days prior to December 2, 2021, advising the Court of the status of the appointment of an administrator of the Insured's estate.

Dated:  September 8, 2021

_____
BETH LABSON FREEMAN
United States District Judge

5